FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 16 2020

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DANA BRYSON**                                                                 **PLAINTIFF**

vs.                                      No. 4:20-cv-65-KGB

**PROTHO JUNCTION, LLC, ANANT**                          **DEFENDANTS**
**PATEL, KAL MAKAN and BHU MAKAN**

This case assigned to District Judge Baker
and to Magistrate Judge Deere

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Dana Bryson ("Plaintiff") by and through her attorney Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint against Protho Junction, LLC, Anant Patel, Kal Makan and Bhu Bakan (collectively "Defendant" or "Defendants"), she does hereby state and allege as follows:

### I. JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff proper overtime compensation for all hours that Plaintiff worked.

2. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

4. Defendant conducts business within the State of Arkansas, operating and managing an Econo Lodge Inn & Suites in North Little Rock.

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

6. The acts alleged in this Complaint had their principal effect within the Central Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.   THE PARTIES

7. Plaintiff is a citizen, resident and domiciliary of Pulaski County.

8. Plaintiff was employed by Defendant as a salaried employee from February of 2019 to present.

9. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

10. Separate Defendant Protho Junction, LLC, is a domestic limited liability company.

11. Protho Junction's registered address for service is Bhu Makan, at 1501 Merrill Drive, Little Rock, Arkansas 72211.

12. Separate Defendant Anant Patel ("Patel") is an individual and domiciliary of Arkansas.

13. Patel is an owner, principal, officer and/or director of Protho Junction.

14. Separate Defendant Kal Makan ("K. Makan") is an individual and domiciliary of Arkansas.

15. K. Makan is an owner, principal, officer and/or director of Protho Junction.

16. Separate Defendant Bhu Makan ("B. Makan") is an individual and domiciliary of Arkansas.

17. B. Makan is an owner, principal, officer and/or director of Protho Junction.

18. Each individual defendant co-manages and controls the day-to-day operations of Protho Junction, including but not limited to the decision to not pay Plaintiff a sufficient premium for hours worked in excess of forty (40) per week.

19. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

20. Defendants own and operate an Econo Lodge Inn & Suites ("Econo Lodge") in North Little Rock.

21. Defendant has at least two (2) employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

22. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

23. Plaintiff regularly in the course of her work for Defendants handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce.

24. During each of the three years preceding the filing of this Original Complaint, Defendant continuously employed at least four (4) employees.

### III.   FACTUAL ALLEGATIONS

25. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

26. At all relevant times herein, Defendant was an "employer" of Plaintiff and similarly situated employees within the meaning of the FLSA.

27. At all times material herein, Plaintiff has been misclassified by Defendant as a salaried employee and as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

28. During the period relevant to this lawsuit, Plaintiff worked as a front desk clerk at Defendant's Econo Lodge.

29. At all relevant times herein, Defendant directly hired Plaintiff to work in its hotel, paid her wages and benefits, controlled her work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

30. As a front desk clerk, Plaintiff was responsible for manning the front desk and checking in hotel guests.

31. Plaintiff did not have the authority to hire or fire any other employee.

32. Plaintiff was not asked to provide input as to which employees should be hired or fired.

33. Plaintiff did not exercise independent judgment in carrying out her duties.

34. Although Defendants purported to classify Plaintiff as "salaried," if Plaintiff worked less than ninety-one (91) hours in a week, her pay was docked.

35. Defendants did not pay Plaintiff one and one-half (1.5) her regular rate for all hours worked over forty (40) in a week.

36. Plaintiff worked more than forty (40) hours in a week in every or almost every week in the relevant time period.

37. At all relevant times herein, Defendants have deprived Plaintiff of sufficient overtime compensation for all of the hours she worked over forty (40) per week.

38. Defendants knew or showed reckless disregard for whether their actions violated the FLSA.

## IV.   FIRST CAUSE OF ACTION
### (Claim for Violation of the FLSA)

39.   Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

40.   Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

41.   At all times relevant to this Complaint, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

42.   At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

43.   29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

44.   At all times relevant times to this Complaint, Defendant misclassified Plaintiff exempt from the overtime requirements of the FLSA.

45.   Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each week.

46.   Defendant's failure to pay Plaintiff all overtime wages owed was willful.

47. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this.

## V. SECOND CAUSE OF ACTION
### (Claim for Violation of the AMWA)

48. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

49. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq*.

50. At all times relevant to this Complaint, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

51. AMWA Sections 210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

52. At all times relevant to this Complaint, Defendant misclassified Plaintiff as exempt from the overtime requirements of the AMWA.

53. Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each week.

54. Defendant's failure to pay Plaintiff all overtime wages owed was willful.

55. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

## VI.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Dana Bryson respectfully prays as follows:

A. That each Defendant be summoned to appear and answer herein;

B. Declaratory judgment that Defendant's practices alleged herein violate the FLSA and the AMWA;

C. Judgment for damages for all unpaid overtime wage compensation owed under the FLSA and the AMWA;

D. Judgment for liquidated damages pursuant to the FLSA and AMWA;

E. For a reasonable attorney's fee, costs, and all interest; and

F. Such other relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF DANA BRYSON**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

_____
Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com