IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DANA BRYSON                                                PLAINTIFF

VS.                        No. 4:20-CV-00065-ERE

SANJAY B. PATEL                                   DEFENDANT

## ORDER

Pending before the Court is a joint motion to approve settlement agreement and dismissal with prejudice filed by plaintiff Dana Bryson and remaining defendant Sanjay B. Patel.[1] *Doc. 26*.

The law is unclear whether the Court's approval is required for the two remaining parties' settlement of Ms. Bryson's claims for unpaid overtime in violation of the Fair Labor Standards Act (FLSA) and the Arkansas Minimum Wage Act.[2] However, since the parties have requested it, the Court will analyze whether the settlement should be approved under the law applied when court approval is required. A district court may approve an FLSA settlement agreement only after it determines that "the parties are not negotiating around the FLSA's requirements and

---

[1] Separate defendants Protho Junction, LLC; Anant Patel, Kal Makan, and Bhu Makan reached a separate agreement to settle Ms. Bryson's claims. United States District Judge Kristine G. Baker previously granted a joint motion to dismiss, with prejudice, those claims. *Doc. 27*.

[2] See *Melgar v. Ok Foods, et al.*, 902 F.3d 775, 779 (8th Cir. 2018) (recognizing "an apparent circuit split as to whether private settlements relating to FLSA claims require district court review"); *Barbee v. Big River Steel, LLC.*, 927 F.3d 1024, 1027 (8th Cir. 2019) (declining to decide whether private settlements of FLSA claims require court approval).

1

that the settlement represents a fair and reasonable resolution of a *bona fide* dispute." *Younger v. Centers for Youth & Fams., Inc.*, No. 4:16-CV-00170-KGB, 2017 WL 1652561, at *1 (E.D. Ark. Apr. 27, 2017) (citations omitted).

A review of the record establishes that there is a *bona fide* dispute as to the amount of wages paid to Ms. Bryson. The motion asserts that maximum lost-wage damages were $16,740.00. However, Ms. Bryson has agreed to settle for $2,500 in lost wages and $2,500 in liquidated damages. *Doc. 26-1*. To explain Ms. Bryson's willingness to settle for 15% of the value of her original claim, the parties note that Ms. Bryson has no documentation regarding her overtime, and there is a dispute as to "whether Defendant qualifies as Plaintiff's employer." *Doc. 26*. In fact, the parties assert that they "believe that Plaintiff was likely to have recovered nothing had the case continued." *Id*. Considering this explanation, the Court finds that the proposed settlement represents a fair and reasonable resolution of Ms. Bryson's liability claim.

The parties also reached an agreement to settle attorney's fees for $7,500. They represent that court approval of the settled attorney fee amount is not required because this amount was negotiated separately and "without regard" to the liability claim. See *Barbee v. Big River Steel*, 927 F.3d at 1027 ("any authority for judicial approval of FLSA settlements in 29 U.S.C. § 216 does not extend to review of settled attorney's fees). Thus, the Court expresses no view on the reasonableness of the fee amount.

IT IS THEREFORE ORDERED THAT:

1. The joint motion for approval of settlement and dismissal with prejudice *(Doc. 26)* is GRANTED.

2. This case is DISMISSED with prejudice, subject to the terms of the settlement agreement.

3. This Court specifically retains jurisdiction for thirty days to enforce the terms of the settlement agreement.

DATED this 15th day of June, 2021.

_____
UNITED STATES MAGISTRATE JUDGE